STATE OF LOUISIANA
v.
FREDDIE DOUGLAS SOUTHWELL.
No. KA09-754.
Court of Appeals of Louisiana, Third Circuit.
August 26, 2009.
Not Designated for Publication
MICHAEL CADE CASSIDY, District Attorney, Counsel for Appellee: State of Louisiana.
FREDDIE DOUGLAS SOUTHWELL, Pro Se.
Court composed of AMY, EZELL, and PAINTER, Judges.
AMY, Judge.
On June 26, 2006, Defendant, Freddie Douglas, entered a plea of guilty to the charge of possession of cocaine with intent to distribute, a violation of La.R.S. 40:967. On March 19, 2007, he was sentenced to serve twenty years at hard labor.
On March 17, 2009, Defendant filed an application for post-conviction relief. On that same date, the trial judge issued a written dismissal of the application. On April 13, 2009, Defendant filed a notice of appeal, praying for ". . . an appeal from his post conviction. . . ."
On July 13, 2009, this court issued an order that Defendant show cause, by brief, on or before August 3, 2009, why his appeal should not be dismissed, as the judgment from which he sought relief was not appealable. Defendant has failed to file a brief in this court responding to the court's order to show cause.
The judgment from which Defendant seeks relief is not appealable. La.Code Crim.P. art. 912.1. Accordingly, we hereby dismiss the Defendant's appeal. However, he may seek supervisory writs within thirty days of the date of this decision. Defendant is not required to file a notice of intent to seek writs, nor obtain an order from the trial court setting a return date, as is generally required by Uniform RulesCourts of Appeal, Rule 4-3. We construe the motion for appeal as a timely filed notice of intent to seek a supervisory writ.
APPEAL DISMISSED. DEFENDANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS OPINION.